Vernon, it uses the important words "shall be allowed to the prevailing party." It would seem that it was the clear intent of the act of 1892 that costs in actions in the City Court of Mt. Vernon should be recoverable only by the "prevailing party." Section 109 of that statute, which provides for the taxation of costs by the clerk of the court, again expresses the same idea. It declares:

"The clerk of said court shall, on two days' notice, adjust and tax the costs and disbursements of the prevailing party, and the same shall be included in the judgment," etc.

That is, the judgment in favor of the prevailing party, who in this case was the plaintiff. These views lead to a reversal of the order of the County Court of Westchester county, with $10 costs and disbursements.

The matter is remitted to the City Court of Mt. Vernon, with direction to that court to vacate and set aside the taxation of costs and disbursements in favor of the defendant in the action. All concur.

---

MUHLSTEIN v. NEW YORK CENT. R. CO.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

TROVER AND CONVERSION ☞35—TITLE OF PLAINTIFF—PRESUMPTION.

In an action for conversion of brass railroad journal bearings which bore the initials of certain railroad companies, including the defendant, and part of which were at one time the property of the defendant, and which the plaintiff had purchased from a third person, the presumption that the plaintiff's possession was lawful could be rebutted only by affirmative proof that the person who sold the brass to the plaintiff never had title to it.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 215, 216; Dec. Dig. ☞35.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Gabriel Muhlstein against the New York Central Railroad. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Morris Cukor, of New York City, for appellant.

Alexander S. Lyman, of New York City (Jacob Aronson, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff sued for the conversion of certain brass railroad journal bearings. It is not disputed that these bearings were taken by the defendant from plaintiff's possession. It is also not disputed that the plaintiff had bought these goods from a third party. It is clear that the possession of the goods by the plaintiff under the circumstances disclosed was presumptive evidence that lawful title was in him. The brass bearings bore the initials of certain railroad

companies, including the defendant, and I think that the evidence is sufficient to show that at least part of these bearings were at one time the property of the defendant. This evidence, however, is clearly not sufficient to rebut the presumption that the plaintiff's possession was lawful, unless the evidence also shows that the defendant did not part with this property, or, if it did sell this property to a third party, the third party did not sell the property. In other words, the presumption that the plaintiff's possession was lawful can be rebutted only by affirmative proof that the person who sold the brass to the plaintiff never had any title to it. I agree that upon this record the evidence produced by the defendant is sufficient merely to throw suspicion upon the plaintiff's good faith and, perhaps on his title, but in no wise affirmatively shows that his title was bad, and in no wise impeaches the credibility of the testimony of the plaintiff that he was in possession of the goods by purchase from a third party. For these reasons, I agree that the judgment should be reversed, but I think that the defendant is entitled to a new trial.

The record shows that the defendant took this brass, acting upon the belief that it was stolen. It has attempted to show justification for this belief by testimony intended to show that at least a large part of the brass was its property at one time, that it never sold any brass of this nature to any party except the manufacturer, and that the manufacturer did not sell any brass of this kind to third parties. If the testimony produced had actually shown these facts, then, of course, it would follow that the plaintiff's possession was unlawful. The testimony, however, is not sufficient for this purpose, for two reasons: It does not show that *all* the brass marked like the brass taken from plaintiff's possession was sold to the manufacturer, and it does not show that the manufacturer *never* sold such brass to third parties. In view, however, of the nature of the testimony actually produced and the suspicion which does rest upon the plaintiff's good faith, I think that the defendant is entitled to an opportunity to supply this testimony.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

PENDLETON, J., concurs.

WHITAKER, J. (concurring). This action was brought to recover damages for the conversion of certain brass railroad journal bearings, also known as car boxes, which property plaintiff had purchased from a regular dealer in such articles, and which were in the actual possession of plaintiff in his place of business on May 8, 1915, on which day the property was taken away from plaintiff's possession by the agents of and under orders of defendant, without plaintiff's permission, and turned over to the defendant. The alleged ground for taking these goods was that they had been stolen from defendant.

There is no question as to the value of the property. It appears that similar articles are dealt in in the open market; that plaintiff is a secondhand dealer in such articles; that plaintiff came lawfully into possession of the goods having purchased them in the open market,

and there is no evidence whatever from which it may be legally inferred that plaintiff knew the goods had been stolen; that after defendant had taken the goods from the possession of plaintiff a proper demand was made for their return. As to 63 pieces of the goods taken, defendant made no claim to title, but delivered them to other persons, from whom defendant claimed they had been stolen, of which theft, however, there was no evidence.

The possession of the goods by the plaintiff, under the circumstances disclosed by the evidence, was presumptive of a lawful title in him, and was amply sufficient upon which to base his action for conversion. Yardum v. Wolf, 33 App. Div. 247, 54 N. Y. Supp. 192. As matter of fact, the evidence clearly established ownership in the plaintiff, unless it could be shown by competent and sufficient evidence that the goods had been stolen. The burden of showing that the goods had been stolen was upon the defendant, who was required to establish the fact by clear and satisfactory evidence. This we think the defendant failed to do.

A summary of the evidence introduced by the defendant is as follows: The evidence of the detectives, who visited the plaintiff's place of business, concerning certain minor instances, which were perhaps capable of casting a slight suspicion upon plaintiff's actions, and which were substantially contradicted by plaintiff's witnesses. Warnoch, the chief sales agent of the defendant of all old discarded material in New York, testified that it was the custom never to sell the goods similar to the goods in question to any other person than the Magnus Metal Company, who manufactured them, and that no such goods to his knowledge had ever been sold to others. This testimony was weakened by the admission of the witness that at times he did call for orders for purchase of secondhand materials, and on one occasion, but one occasion only, for orders for similar articles to those in question. There is no evidence that the Magnus Metal Company did not resell the articles it purchased of the defendant.

Defendant invoked section 123 of chapter 14 of the Code of Ordinances of the City of New York, which provides that every junk dealer shall keep a book in which shall be entered at the time of purchase a description of the articles purchased, name, residence, etc., of the person from whom purchased, day and hour of such purchase, which book shall be open to inspection. The plaintiff testified that he had a book, and his bookkeeper testified that she had not put the goods in it, because they had not been sorted; that she always waited until they had been sorted, so that she could describe them before she entered them. The defendant took these goods away before they had been sorted.

The failure to comply immediately with the section referred to would not overcome the presumption of title which a purchase in the open market, followed by actual possession, raises. The law will not assume a crime has been committed, or that goods have been stolen. Such facts must be established by credible and satisfactory evidence. There is no such evidence in this case.

The judgment should be reversed, with $30 costs, and judgment ordered for plaintiff, with costs.